**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO. 02-81095
HON. LAWRENCE P. ZATKOFF

v.

KUNOSI POLK

    Defendant.
    _____/

**SENTENCING OPINION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 6, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

Defendant previously pled guilty in this Court to a violation of 18 U.S.C. § 922 (felon in possession of a firearm). Defendant was sentenced to thirty months imprisonment, with a two year period of supervised release. This matter is now before the Court on Defendant's guilty plea to supervised release violations. For the reasons set forth below, Defendant is sentenced to fourteen (14) months imprisonment.

### II. ANALYSIS

When sentencing a defendant, the Court must consider the relevant factors from 18 U.S.C. § 3553, and articulate the reasons for its sentencing decision. *United States v. McBride,* 434 F.3d 470, 476 (6th Cir. 2006). The Court has thoroughly considered all of the factors as they relate to Defendant, and will discuss certain of the factors below.

1.      **The Nature and Circumstances of the Offense**

Defendant admitted using marijuana and ecstacy on January 10, 2007. Defendant entered the Monica House Residential Reentry Center ("RRC"), which has a zero tolerance rule against drug and alcohol use. Defendant tested positive for marijuana on February 26, 2007 and March 8, 2007, and on April 14, 2007 he registered breathalyzer tests of .056% and .054% blood alcohol content. While at the RRC Defendant falsified job search itineraries and missed a scheduled substance abuse treatment session. On April 23, 2007 Defendant threatened the director of the RRC and left without permission. Defendant was deemed an escapee and terminated from the RRC program.

2.      **The History and Characteristics of the Defendant**

In 1994, at age fifteen, Defendant was convicted of breaking and entering an occupied dwelling with intent to commit larceny. After his initial release from a work and learn camp he was returned to the camp for disregarding curfew, substance abuse, failure to seek employment, and association with negative peers. While at the camp he threatened to kill staff, was verbally and physically abusive, and refused to cooperate in the program. At age twenty Defendant pled guilty to attempted possession with intent to deliver cocaine. Defendant twice violated his probation for that offense.

3.      **The Seriousness of the Offense**

Defendant's misconduct at the RRC, including the threatening of the director of the RRC, was extremely serious. Defendant has persistently demonstrated an unwillingness to comply with the conditions of his supervised release and the directives of the probation department.

4.      **Promote Respect for the Law and Afford Adequate Deterrence to Criminal Conduct**

Since the age of fifteen Defendant has demonstrated a severe lack of respect for authority

and the law. Significantly, Defendant has failed to take advantage of programs intended to help him become a law-abiding member of society. In fact, his lack of respect for authority and the law appears to have intensified when he participated in such programs. Thus, the Court finds a substantial prison sentence is necessary to promote respect for the law and afford adequate deterrence to criminal conduct.

**5.     Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment**

At sentencing, Defendant's attorney indicated that Defendant would benefit from intensive counseling. Based on Defendant's history, the Court agrees, and also finds that Defendant would benefit from a substance abuse program. A term of imprisonment will enable Defendant to receive the disciplined treatment program that he requires.

**6.     Guideline Range**

The guideline range for the instant offense is four to ten months. However, for the reasons stated above, the Court finds an above-guideline sentence is necessary in this case.

### III. CONCLUSION

For all the above reasons, the Court finds that an above-guideline sentence is necessary in this case. The Court sentences Defendant to fourteen (14) months imprisonment.

IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: June 6, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 6, 2007.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290